United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL ENGLAND WEST, §
(SPN # 01729896), §
§
    *Plaintiff*, §
§
vs. § CIVIL ACTION NO. H-26-4709
§
THE HONORABLE TAMI PIERCE, *et* §
*al.*, §
§
    *Defendants*. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael England West (SPN # 01729896), is a pretrial detainee in custody at the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983 alleging that Harris County District Judge Tami Pierce, the Assistant District Attorney prosecuting his case, and court-appointed counsel Quinon Brooker are violating his civil rights in his on-going state-court criminal proceedings. (Dkt. 1).

West's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners proceeding *in forma pauperis* as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek money damages from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B).   Having conducted the required screening of West's complaint, the Court dismisses this action for the reasons explained below.

## I.     BACKGROUND

Publicly available records show that West is currently in jail awaiting trial on several serious felony charges.  *See* Search Our Records, www.hcdistrictclerk.com (last visited July 17, 2026).  On June 12, 2026, he filed a "Prisoner's Civil Rights Complaint," identifying the defendants as Judge Pierce, the unidentified Assistant District Attorney who is prosecuting his case, and Brooker.  (Dkt. 1, pp. 2-3).

West alleges that at a recent court appearance, the prosecutor made a plea offer of forty years in prison on the charge of murder.  (*Id.* at 4).  The prosecutor told him that if he did not accept the offer, the charge would be increased to capital murder.  (*Id.*).  West alleges that Judge Pierce, Brooker, and the prosecutor all agreed that this was a fair offer, but he believes that the offer and the responses to it reflect bias and prejudice against him and his case.  (*Id.*).  As relief, he wants "to be treated as innocent until proven guilty."  (*Id.*).

## II.    LEGAL STANDARDS

### A.    Actions Under 42 U.S.C. § 1983

West brings his action under 42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights."  *Lafleur v. Texas Dep't of Health*, 126 F.3d

2/11

758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman,* 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

## B. The Prison Litigation Reform Act

The PLRA, which governs West's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

3/11

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31–32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright,* 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986).

4/11

### C.    *Pro Se* Pleadings

West is proceeding *pro se* in this action.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).  Thus, while *pro se* litigants are held to less stringent pleading standards than attorneys, they "still must actually argue something that is susceptible of liberal construction"  *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam).

## III.    DISCUSSION

### A.    Claims Against Judge Pierce

West alleges that Judge Pierce violated his constitutional rights by agreeing that the plea offer and the circumstances surrounding its making were fair.  He contends that this approval of the prosecutor's actions demonstrates Judge Pierce's

5/11

bias and prejudice against his case, and he requests an injunction ordering her to treat him as innocent until he is proven guilty.

"The federal civil rights laws do not provide a vehicle . . . to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). The doctrine of absolute judicial immunity protects judges from liability for all actions taken in their judicial capacities, so long as they do not act in a clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). That said, absolute judicial immunity does not apply in certain limited circumstances. *See Davis v. Tarrant County, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). Specifically, judges are not immune from claims for purely prospective relief based on an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908).

To state a claim under the *Ex parte Young* exception to judicial immunity, the plaintiff's action must "(1) be brought against state officers acting in their official capacities; (2) seek prospective relief that will redress ongoing conduct; and (3) allege a violation of federal law." *Tex. Ent Ass'n v. Hegar*, 10 F.4th 495, 507 (5th Cir. 2021). A plaintiff must satisfy all three requirements to be entitled to relief under this exception. *See, e.g., Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (en banc).

6/11

West's allegations satisfy the first requirement because Judge Pierce is a state officer who is acting in her official capacity. But his allegations fail to satisfy the two remaining requirements.

As to the second requirement, West's allegations concern only Judge Pierce's past conduct at a single hearing at which a plea offer was made. This single past act is not sufficient to demonstrate an ongoing violation of West's civil rights. And prospective injunctive relief is available only to stop an ongoing violation, not to remedy a past one. *See Harrison v. Young*, 48 F.4th 331, 337–38 (5th Cir. 2022) ("The general dividing line is between impermissible suits seeking remedies for past violations of federal law and permissible suits seeking prospective relief to prevent ongoing violations."). West's allegations therefore do not satisfy the second *Ex parte Young* requirement.

And as to the third factor, West does not allege facts showing that Judge Pierce's view of the validity of the State's plea offer rises to the level of "a colorable constitutional claim." *Hall v. Tex. Comm'n on Law Enf't*, 685 F. App'x 337, 341 (5th Cir. 2017) (per curiam). Accordingly, his allegations do not satisfy the third requirement to fall within the *Ex parte Young* exception.

Because West's allegations do not satisfy all three requirements of *Ex parte Young*, he fails to state a claim against Judge Pierce upon which relief can be

7/11

granted. His claim against her must therefore be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claims Against the Assistant District Attorney

West also sues the Assistant District Attorney prosecuting his criminal case, contending that the plea offer was made in bad faith and reflects bias and prejudice against him and his case.

District attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity for actions they take to prosecute a defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)).

West's allegations concern the Assistant District Attorney's alleged actions in bringing and pursuing the pending criminal charges against him. In offering West a plea deal and "threatening" to modify the charges against him if it is rejected, the Assistant District Attorney was clearly acting in a prosecutorial role and is immune from the West's claims.

West's claims against the Assistant District Attorney are dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

8/11

## C.   **Claims Against Attorney Brooker**

Finally, West alleges that Brooker is court-appointed to represent him in these criminal proceedings, and he challenges Brooker's assessment that the plea offer valid and his advice urging its acceptance.   But court-appointed defense counsel may not be sued under § 1983 for actions taken in defending an individual charged with criminal acts.

To be liable under § 1983, the defendant must be acting under color of state law in taking the challenged actions.[1]   But neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because, in that capacity, he or she is acting on behalf of the defendant rather than on behalf of the State.   *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public*

---

[1]Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011).   A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).   West's complaint does not allege facts showing that any of these exceptions apply to his case.
9/11

*Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

In his capacity as court-appointed defense counsel for West, Brooker is not acting "under color of state law" while taking actions to represent him. West's disagreements with Brooker's position concerning the validity and merits of the plea offer may give rise to a malpractice action, but they will not support a claim for a violation of constitutional rights under § 1983.

West's claims against Brooker are dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. West's civil rights action, (Dkt. 1), is **DISMISSED with prejudice**.

2. All pending motions are **DENIED** as moot.

3. Final judgment will be separately entered.

4. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List

10/11

Manager at the following email: **Three Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on _____ July 21 _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

11/11